IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EZZAT G. BAKHOUM, | ) Court No.: |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| WUNO INC., an Oklahoma Domestic For Profit Business Corporation, and NICHOLAS J. DIAZ, individually, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

# COMPLAINT

EZZAT G. BAKHOUM, ("Plaintiff") by and through the undersigned counsel, hereby files the following Complaint against WUNO INC. and NICHOLAS J. DIAZ, ("Defendants").

## NATURE OF THE ACTION

1. Plaintiff seeks injunctive relief and damages for acts of trademark infringement, false designation of origin, and unfair competition.

2. In particular, this case concerns Defendants' willful infringement of the Plaintiff's CREATIVE DESIGNS valuable registered trademark, Plaintiff's most distinctive mark for software.

3. Despite the registration, Defendants introduced its own trademark into the marketplace and filed a trademark application - CREATIVE DESIGNS FROM CREATIVE MINDS (U.S. Serial No. 87413937) and instituted a proceeding to cancel Plaintiff's CREATIVE DESIGNS registration, Trademark Trial and Appeal Board No. 92066738.

4. Defendants undertook this behavior without the consent of the Plaintiff and Defendants created this mark to siphon off sales from Plaintiff to Defendants.

## PARTIES

5. EZZAT G. BAKHOUM, Plaintiff, is an individual living in the United States.

6. Plaintiff's mailing address is P.O. Box 4381, Milton, FL, 32572.

7. Plaintiff is the owner of a trademark, CREATIVE DESIGNS, United States Registration No. 4600922. (See **EXHIBIT A**.)

8. Upon information and belief, WUNO, INC. is a corporate entity that is valid, active, registered, and subsisting in the State of Oklahoma.

9. Upon information and belief, the principal place of business of WUNO, INC, is at 812 W. 9th St., Okmulgee, OK, 74447.

10. Upon information and belief, Nicholas J. Diaz is the owner and shareholder of WUNO, INC.

## JURISDICTION AND VENUE

11. Plaintiff lives in Florida.

12. Defendant WUNO, INC. started a federal administrative proceeding against the Plaintiff who lives in Florida.

13. Jurisdiction in this Court is proper pursuant to Fed. R. Civ. Proc. 7, 28 U.S.C. §1331, and 15 U.S.C. §§2064 and 2073.

14. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§1114(1) and (2).

15. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§1114(1) and (2).

16. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1117.

17. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1119.

18. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1125.

19. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§2064 and 2073.

20. This Court has personal jurisdiction over Defendants, which have purposefully availed themselves of the laws of the State of Florida by starting a federal administrative proceeding against a resident of the State of Florida.

21. The Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. §1332(a)(1)., because the Plaintiff and Defendants come from different states

22. Venue in this Court is proper pursuant to 15 U.S.C. §1071(b)(4).

23. Venue in this Court is proper pursuant to 28 U.S.C. §1391.

24. Venue in this Court is proper pursuant to 15 U.S.C. §§2064 and 2073.

## BACKGROUND AND FACTS

25. Plaintiff sells software.

26. Plaintiff registered its CREATIVE DESIGNS trademark on September 9, 2014, U.S. Registration No. 4600922 ("Plaintiff's Mark").

27. CREATIVE DESIGNS represents, "application service provider, namely, developing and maintaining applications and software in the fields of personal productivity, wireless communication, mobile information access, and remote data management for wireless delivery of content to handheld computers, laptops and mobile devices" in International Class 42.

28. CREATIVE DESIGNS is valid, subsisting and in full effect and serves as *prima facie* evidence of the validity of the mark and of Plaintiff's exclusive right to use the mark on the goods listed in the registration. See **EXHIBIT A**.

29. Plaintiff was alerted to the Defendants only because Defendants filed a proceeding in the Trademark Trial and Appeal Board to cancel Plaintiff's CREATIVE DESIGNS registration (TTAB No. 92066738).

30. The United States Patent and Trademark Office cited the Plaintiff's mark as a bar to the Defendants registering their application, U.S. Serial No. 87413937.

31. Plaintiff has priority over Defendants upon information and belief.

32. Plaintiff's use of CREATIVE DESIGNS occurs prior to Defendants' use of CREATIVE DESIGNS FROM CREATIVE MINDS, U.S. Serial No. 87413937 ("Defendants' Mark").

33. Defendants' Mark represents "Website design and development for others; Software design and development; Website optimization; Website traffic optimization; Search engine optimization for sales promotion; Marketing services; Marketing consulting services; Brand concept and brand development services for businesses and individuals; Hosting of websites; Server hosting; Domain name registration services; Graphic design services; Consulting in the field of software design and development" in International Class 45.

34. Plaintiff's Mark possesses a high degree of distinctiveness and represents an extremely valuable asset of Plaintiff's business.

35. Defendants are advertising the sale of the infringing products on its own website. *See* **EXHIBIT B**.

36. Defendants are creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products without the authorization of Plaintiff or license from Plaintiff.

37. Defendants are using the exact same trademark, CREATIVE DESIGNS, confusing consumers to believe that consumers are buying the genuine CREATIVE DESIGNS from Plaintiff.

38. Upon information and belief, Defendants are not even selling all the goods/services listed in the application for Defendant's Mark. *See* **EXHIBIT C**.

39. Defendants stated in their Petition to Cancel Plaintiff's Mark that "The services recited in Registration No. 4,600,922 are related to the services offered under Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark, as well as the services for which Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark is pending registration."  *See* **EXHIBIT D**.

## COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114(1))

Plaintiff repeats and realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

40. This claim is for the infringement of a trademark registered in the United States Patent & Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1), as amended.

41. Defendants' use of Defendants' Mark is confusingly similar to, and a colorable imitation of, Plaintiff's federally registered CREATIVE DESIGNS mark.

42. Defendants have and continue to use Defendants' Mark unlawfully on websites to sell their services.

43. Defendants' unauthorized and unlawful use of the CREATIVE DESIGNS designation is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of Defendants' services.

44. Upon information and belief, Defendants' infringement of Plaintiff's federally registered CREATIVE DESIGNS mark has been willful, intentional and deliberate, and designed to trade on the goodwill associated with the CREATIVE DESIGNS mark, which was established solely by Plaintiff in the course of its business.

45. Defendants have profited and been unjustly enriched, and will continue to profit and be unjustly enriched, by sales and publicity that Defendant would otherwise have obtained but for its unlawful conduct.

46. Defendants' acts have caused and will continue to cause injury and damage to Plaintiff, and have caused and will cause irreparable injury to Plaintiff's goodwill and reputation

and, unless enjoined, will cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

## COUNT II
### (False Designation of Origin Under 15 U.S.C. § 1125)

Plaintiff repeats and realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

47. This claim is for false designation of origin, false endorsement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

48. Plaintiff's CREATIVE DESIGNS trademark has become highly distinctive of the goods listed in the registration.

49. By its use or imminent use of CREATIVE DESIGNS without the consent or authorization of Plaintiff as described above, Defendants have falsely designated the origin of Defendant's services, and Defendants have thereby competed unfairly with Plaintiff and engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a), as amended.

## COUNT III
### (Common Law Unfair Competition)

Plaintiff repeats and realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

50. Defendants' acts of creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, selling the infringing products and services without the authorization of Plaintiff or license from Plaintiff mean that the Defendants are deceptively trying to "pass off" their products and services as those of the Plaintiff, or as somehow related to or associated with, or sponsored or endorsed by the Plaintiff, thereby exploiting the Plaintiff's reputation in the marketplace.

51. Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' infringing products and services, or as to a possible affiliation, connection or association between Plaintiff and Defendants, and/or between Plaintiff's products and Defendants' infringing products in violation of Plaintiff's rights under the common law of the State of Florida.

52. Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive acts, unless restrained by this Court.

53. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

54. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT IV
### (Common Law Trademark Infringement)

Plaintiff repeats and realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

55. This claim is for trademark infringement and in violation of the common law of the State of Florida.

56. The aforesaid conduct of Defendants constitutes willful trademark infringement under the common law of the State of Florida.

57. Upon information and belief, by its actions, Defendants intend to continue their unlawful conduct, and to willfully infringe Plaintiff's CREATIVE DESIGNS trademark, unless restrained by this Court.

58. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

59. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT V
### (Determination that the Plaintiff's Mark Should not be Cancelled)

Plaintiff repeats and realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

60. Defendants filed a trademark cancellation against Plaintiff to cancel Plaintiff's Mark in the Trademark Trial and Appeal Board.

61. Pursuant to 15 U.S.C. §1119, this court is able to direct the Trademark Trial and Appeal Board.

62. Upon information and belief, Plaintiff has been using Plaintiff's Mark before Defendants have been using Defendants' Mark in commerce.

63. Therefore, the court can direct the Trademark Trial and Appeal Board to deny the cancellation that the Defendant seeks in the Trademark Trial and Appeal Board.

# COUNT VI
## (Fraud on the United States Patent and Trademark Office)

Plaintiff repeats and realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

64. Defendants have made statements to the United States Patent and Trademark Office in the application for Defendants' Mark that are contrary to how the Defendants are using Defendants' Mark in commerce.

65. Specifically, Defendants have stated that the Defendants are selling domain name registration services.

66. Defendants have made statements elsewhere that the Defendants are not selling domain name registration services, and has directed customers to providers of said service.

67. Therefore, Defendants have made statements that they must swear, attest, and affirm to in the application of Defendants' Mark that are false, that it knew were false, and continue to be false, in violation of 15 U.S.C. §1120.

68. Therefore, the Defendant is not able to gain registration of Defendant's Mark in the United States Patent and Trademark Office.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

1. Permanently enjoin Defendants from using the mark CREATIVE DESIGNS in any capacity in connection with any goods or services;

2. Permanently enjoin Defendants from using the mark CREATIVE DESIGNS FROM CREATIVE MINDS in any capacity in connection with any goods or services;

3. Permanently enjoin Defendants from creating, causing to be created, managing the creation of, importing, exporting, distributing, supplying, advertising, promoting, offering for sale, and selling any product or service that infringe upon the CREATIVE DESIGNS mark;

4. Adjudge that Plaintiff recover from Defendants its damages in an amount to be determined at trial;

5. Adjudge that Defendants be required to account for revenues and profits that are attributable to its unlawful acts and that Plaintiff be awarded three times Defendants' profits under 15 U.S.C. §1117(a), plus prejudgment interest;

6. Adjudge that Defendants be required to account for damages that are attributable to its unlawful acts and that Plaintiff be awarded those damages under 15 U.S.C. §1117(a), plus prejudgment interest;

7. Adjudge that Defendants be required to account for costs in this action that are attributable to its unlawful acts and that Plaintiff be awarded those costs under 15 U.S.C. §1117(a), plus prejudgment interest;

8. Adjudge that Defendants not be able to register its mark in the United States Patent and Trademark Office under 15 U.S.C. §1119 and 15 U.S.C. §1120;

9. Order the Trademark Trial and Appeal Board to deny the Trademark Cancellation Proceeding under 15 U.S.C. §1119 and 15 U.S.C. §1120.

10. Grant any other and further relief as this Court may deem just and proper.

## NO JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by the bench and not by jury of all issues so triable.

Dated: December 8, 2017.            Respectfully submitted,

By: */s/ James P. Gitkin, Esq.*
James P. Gitkin, Esq.
Fla. Bar No.: 570001
*jim@salpetergitkin.com*
*laura@salpetergitkin.com*
**SALPETER GITKIN, LLP**
One E. Broward Blvd. – Suite 1500
Fort Lauderdale, FL 33486
Telephone:  (954) 467-8622
Facsimile:  (954) 467.8623
*Attorneys for Plaintiff*

Anthony M. Verna III, Esq.
 *(pro hac vice pending)*
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580
*Attorney for Plaintiff*

**EXHIBIT A**

Trademark Registration



United States of America
United States Patent and Trademark Office

# Creative Designs

**Reg. No. 4,600,922**  BAKHOUM, EZZAT G. (UNITED STATES INDIVIDUAL)
                       PO BOX 4381
**Registered Sep. 9, 2014**  MILTON, FL 32572

**Int. Cl.: 42**  FOR: APPLICATION SERVICE PROVIDER, NAMELY, DEVELOPING AND MAINTAINING APPLICATIONS AND SOFTWARE IN THE FIELDS OF PERSONAL PRODUCTIVITY, WIRELESS COMMUNICATION, MOBILE INFORMATION ACCESS, AND REMOTE DATA MANAGEMENT FOR WIRELESS DELIVERY OF CONTENT TO HANDHELD COMPUTERS, LAPTOPS AND MOBILE DEVICES, IN CLASS 42 (U.S. CLS. 100 AND 101).

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIRST USE 1-8-2014; IN COMMERCE 1-8-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DESIGNS", APART FROM THE MARK AS SHOWN.

SER. NO. 86-183,300, FILED 2-3-2014.

INGA ERVIN, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States Patent and Trademark Office**

**EXHIBIT B**

Defendants' website







# EXHIBIT C



The Reynard Group, LLC
100 Park Avenue, Suite 1600
New York, NY 10017
+1-212-399-5651
www.reynardgroup.com

To: Anthony Verna
From: Cynthia Webster
Date: November 30, 2017
Re: wuno.com

I called wuno.com at 888-932-9866 at 10:32 AM on Tuesday, November 28, 2017. Calls are answered automatically and callers have two options, either press zero for the operator or press 9 for the name directory. I pressed zero and my call was answered by a gruff-sounding man who simply said "hello" and seemed to be surprised that someone was calling. He demanded to know who I was and I stated my name, Cynthia, and told him that I wanted to buy a domain name and register the domain name. I also asked his name and he identified himself as Nick, a software engineer. He told me that the company does not register domain names and he referred me to godaddy.com. I asked what he did for the company and he said that he builds mobile apps for websites to make websites mobile-friendly. I confirmed that Wuno does not do domain registrations even though their website specifies this service and Nick said that was correct. I never got the sense that I was dealing with a professional organization.

Wednesday, November 29, 2017-I purchased a domain, cityblogger.biz and an email address, info@cityblogger.biz, at godaddy.com.

Thursday, November 30, 2017-I spoke with Nick Diaz at wuno.com this morning for almost 20 minutes, from 10:41 AM until 11 AM. Once again, Nick answered with simply "hello" and immediately asked "who is this?", not exactly a professional greeting. I told him that I wanted him to design a website for me so that I could begin blogging and he recognized my voice from the call on Tuesday, November 28, 2017. He asked whether or not this was a hobby or was I serious and told me that he really doesn't work for people until he sees their marketing plan. He gave me advice about free templates that are available on-line and told me that I should create my own website using templates available at Template Monster, Word Press and Go Daddy. He also steered me to Tumblr for instructions on blogging. He spoke at length about the advantages of these free tools and platforms and kept telling me to visualize my end goal and use free stuff.

He said that he designs custom software for websites that cost $10,000-$20,000 to build. Clients only need him, according to him, when they have outgrown the standard stuff and want a customized design. His advice was to get my business up and running and then send my marketing plan to him so that he could advise me.

I asked about his hourly rate and he said that he charges $100 per hour. He has a contract that he uses but he would not send one to me. I asked if he took credit cards and he paused and said "sometimes." I asked if there were other employees who worked with him and he paused and then said, "yes, I have a team."

He told me that he had looked at my business website and was concerned that he was being investigated. I told him that I was considering a radical career change and wanted to blog about

Attorney-Client work product
PRIVILEGED AND CONFIDENTIAL



The Reynard Group, LLC
100 Park Avenue, Suite 1600
New York, NY 10017
+1-212-399-5651
www.reynardgroup.com

new health trends coming out of India and eventually monetize my website so that I could live at the beach. I told him that I had experienced an existential crisis over Thanksgiving and needed to reinvent myself. That got his attention and he told me to find the right free template and he would help me install it, free of charge because he really liked helping people. He advised taking a look at all of the products that Go Daddy offered and we joked about all of the stupid emails that Go Daddy sends once you are a customer. I flattered and praised him but to no avail. I could not purchase website design from Wuno.

#END#

Attorney-Client work product
PRIVILEGED AND CONFIDENTIAL

# EXHIBIT D

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Wuno Inc.<br>        Petitioner,<br><br>     v.<br><br>Ezzat G. Bakhoum<br>        Registrant. | Cancellation No._____ |

### PETITION FOR CANCELLATION

Wuno Inc. ("Petitioner") is an Oklahoma corporation with a mailing address of 812 W. 9th St., Okmulgee, Oklahoma 74447.

According to the USPTO records, the name and address of the current owner of U.S. Registration No. 4,600,922 is Ezzat G. Bakhoum, P.O. Box 4381, Milton, Florida 32572 ("Registrant").

Pursuant to 15 U.S.C. §1064, Petitioner believes it is damaged by Registration No. 4,600,922 and hereby petitions to cancel the same.

The grounds for cancellation are as follows:

1. Registrant is the owner of U.S. Registration No. 4,600,922 for the mark CREATIVE DESIGNS for "application service provider, namely, developing and maintaining applications and software in the fields of personal productivity, wireless communication, mobile information access, and remote data management for wireless delivery of content to handheld computers, laptops and mobile devices," in International Class 42.

2. Registration No. 4,600,922 issued on the Principal Register on September 9, 2014. As such, the registration is not incontestable.

3. The underlying application filing date of Registration No. 4,600,922 is February 3, 2014.

4. Registration No. 4,600,922 states that Registrant's first use of his CREATIVE DESIGNS mark occurred at least as early as January 8, 2014, and that Registrant's first use of his CREATIVE DESIGNS mark in interstate commerce occurred at least as early as January 8, 2014.

5. Long before any date on which Registrant could reasonably rely, Petitioner adopted and commenced use of the mark CREATIVE DESIGNS FROM CREATIVE MINDS in the United States in connection with website design and development for others, software design and development, website optimization, website traffic optimization, search engine optimization for sales promotion, marketing services, marketing consulting services, brand concept and brand development services for businesses and individuals, hosting of websites, server hosting, domain name registration services, graphic design services, and consulting in the field of software design and development.

6. Petitioner has continuously used its CREATIVE DESIGNS FROM CREATIVE MINDS mark in interstate commerce ever since it first adopted the mark.

7. As a result of Petitioner's continuous use of its CREATIVE DESIGNS FROM CREATIVE MINDS mark in commerce in connection with its services, the relevant segment of the purchasing public has come to exclusively associate the CREATIVE DESIGNS FROM CREATIVE MINDS mark with Petitioner's services. As such, the CREATIVE DESIGNS FROM CREATIVE MINDS mark is extremely valuable to Petitioner and has developed a

substantial amount of goodwill and recognition among the relevant segment of the purchasing public.

8. Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark has been used, and continues to be used, by the relevant segment of the purchasing public to identify the source of Petitioner's services and to distinguish such services from the products and services offered by others.

9. Petitioner is the owner of all right, title, and interest in and to the CREATIVE DESIGNS FROM CREATIVE MINDS mark as used in connection with its services.

10. Petitioner's first use of its CREATIVE DESIGNS FROM CREATIVE MINDS mark precedes the underlying application filing date of Registration No. 4,600,922, as well as Registrant's first use dates as recited in the registration.

11. Petitioner is the owner of Application Serial No. 87413937 for CREATIVE DESIGNS FROM CREATIVE MINDS for "Website design and development for others; Software design and development; Website optimization; Website traffic optimization; Search engine optimization for sales promotion; Marketing services; Marketing consulting services; Brand concept and brand development services for businesses and individuals; Hosting of websites; Server hosting; Domain name registration services; Graphic design services; Consulting in the field of software design and development." Petitioner has attached a status and title copy of its application as **Exhibit A**.

12. On June 19, 2017, the Trademark Examining Attorney assigned to review Petitioner's application cited Registration No. 4,600,922 as a basis for refusing registration of Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark under Trademark Act §2(d), thereby causing harm and damage to Petitioner.

3

13. Registrant's CREATIVE DESIGNS mark is confusingly similar in appearance, sound, and commercial impression to Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark.

14. The services recited in Registration No. 4,600,922 are related to the services offered under Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark, as well as the services for which Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark is pending registration.

15. Petitioner is damaged by Registration No. 4,600,922 since Registrant's CREATIVE DESIGNS mark, when used in connection with its services, so resembles Petitioner's CREATIVE DESIGNS FROM CREATIVE MINDS mark as to be likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Registrant with Petitioner, or as to the origin, sponsorship, or approval of Registrant's services by Petitioner.

16. Petitioner is further damaged by Registration No. 4,600,922 because such registration gives color of exclusive statutory rights to Registrant in violation and derogation of the prior superior rights of Petitioner.

WHEREFORE, Petitioner is damaged by Registration No. 4,600,922 and prays that the same be canceled pursuant to 15 U.S.C. §1064.

4

16
Complaint: Bakhoum

Respectfully submitted,

WUNO INC.

By: _____/met20/_____          Dated: _____8/23/2017_____
Morris E. Turek
YourTrademarkAttorney.com
167 Lamp and Lantern Village, #220
Chesterfield, MO 63017-8208
Tel: (314) 749-4059
Fax: (800) 961-0363
morris@yourtrademarkattorney.com

*Attorney for Petitioner*
*Wuno Inc.*

5